MANDELBAUM SALSBURG, P.C.
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
(973) 736-4600
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER ROVT, <br><br> Plaintiff, <br><br> v. <br><br> MERCEDES-BENZ OF BROOKLYN, INC. and MERCEDES-BENZ USA, LLC <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT AND** <u>**JURY DEMAND**</u> |

Plaintiff Alexander Rovt ("Plaintiff", "Customer" or "Rovt"), residing at 2346 E. 66th Street, Brooklyn, New York 11234, by way of Complaint against Defendants Mercedes-Benz of Brooklyn, Inc. ("MBB") and Mercedes-Benz USA, LLC ("MBUSA"), alleges and says:

### <u>FIRST CLAIM FOR RELIEF</u>
(Jurisdiction and Venue)

1. Jurisdiction is proper under 28. U.S.C. 1331 based upon this action arising under the laws of the United States including 15 U.S.C. §2310(d), and the amount in controversy exceeds $50,000 exclusive of interest and costs.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and/or (2) considering that a defendant resides in this district and/or a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

1084280

## **Background**

3. Rovt, a retail consumer, is a long-standing Customer of MBUSA.

4. Rovt purchased a new top-of-the-line 2016 Mercedes-Benz Twin-Turbo Maybach S600X, VIN No. WDDUX7GB5GA174654 (the "Vehicle") on or about April 20, 2015 from Mercedes-Benz of Nanuet, Inc. for $193,825.

5. The Vehicle is registered in the State of New York and has been driven primarily for personal, family or household purposes.

6. Rovt purchased the Vehicle based upon the representations, assurances and warranties of Defendants that the Vehicle was, inter alia, reliable and fit for its intended purposes which promises, it turned out, were false.

7. In fact, the Vehicle is considered a lemon under the New York New Car Lemon Law, General Business Law §198-a et al. (the "Act") because within the first 18,000 miles (and within two years form the date of original delivery) an authorized Mercedes-Benz dealer, MBB, had four or more attempts to repair the Vehicle's battery/electrical problem and the problem continued to exist, resulting in a substantial impairment of the value of the Vehicle to Rovt.

8. On or about April 18, 2016, the Vehicle had been driven only 9,721 miles and was brought to MBB because "the battery goes dead after 5 minutes of listening to the radio." According to Invoice No. 389293 from MBB, the cause was "electrical."

9. According to that Invoice:

> "Function tested, Let Vehicle Sit (1GN on, Engine Not Running) for 5 Minutes, Vehicle Would Die and Need to be Jump Started. Connected Battery Charger, SDS and Ran Quick Test. Found Multiple Under Voltage Fault Codes: EIS-B210D00. The Power Supply is Too Low, A80 (1SM) B210A00. The Power Supply in the System is Too Low ETC. Performed Guided Test through A80 1SM Module: Result = Fault is Sporadic and Cannot Replace 1SM."

A copy of Invoice 389293 is annexed hereto and incorporated herein as Exhibit "1".

10. On or about April 18, 2016, MBB removed the Vehicle's trunk floor linings and replaced the system's battery. At that time, the Vehicle was at the dealer for approximately two days.

11. Less than three months later, on or about July 11, 2016, the Vehicle was brought back to MBB with 11,710 miles at which time the display screen on the Vehicle stated "auxillary battery malfunction."

12. According to Invoice 395402, the Customer's complaint was verified. The Invoice states, in pertinent part, as follows:

> "Verified Concern. Performed Short Test. Found Faults for Aux Battery Resistance Too High. Checked Aux Battery Resistance Using S.D.S. Resistance was Too High. Determined Battery has Failed. R&I (Repair and Install) Rear Fridge Unit, Rear Carpets and Replaced Aux Battery to Correct."

A copy of Invoice 395402 is annexed hereto and incorporated herein by reference as Exhibit "2".

13. At that same time, MBB also verified the Customer's complaint that there was a rumbling noise coming from beneath the Vehicle and MBB determined that the engine fan was faulty.

14. For this second visit, the Vehicle was at MBB for approximately three days, from July 11, 2016 to July 13, 2016 and the work done was under the repair order opened back in April.

15. On or about November 7, 2016, less than four months after the last visit, the Vehicle, now with 15,055 miles, was returned to MBB because the Customer had to jump start the Vehicle after it sat for just two days.

3

16. Once again, the dealer verified Plaintiff's complaint, indicating on Invoice 404056 the following:

> "Verified Customer's Concern, Notice Start Engine Battery Malfunction Message Shows on IC. Applied Battery Support and Performed Short Test, Found Fault Code Stored in Front Sam Control Unit: B1F4500, the Starter Battery has Excessive Resistance. Checked Actual Value of Additional Battery, Found Excessive Resistance in Additional Battery, Additional Battery Need to be Replace …"

A copy of Invoice 404056 is annexed hereto and incorporated herein by reference as Exhibit "3".

17. That same day, MBB also found "Stored Fault Code Stored in ME Control Unit" and determined there was "low battery voltage."

18. On or about November 7, 2016, the Vehicle was also having another problem as the "check engine" light was on.

19. The Vehicle was in the shop for approximately one day for the repairs on November 7, 2016.

20. Only one week later, on November 14, 2016, the Vehicle was brought in for at least the fourth visit related to the battery/electrical system.

21. That day Plaintiff complained again that the Vehicle needed to be jump-started to turn on.

22. According to Invoice 404534:

> "Verified Concern, Had to Jumpstart Vehicle to Bring Into Shop. Connected Battery Charger, SDS and Ran Quick Test. Found Multiple Under Voltage Fault Codes, Multiple Communication Faults … Previous Visit the Auxiliary Battery was Replaced (Small Eco Start/Stop Battery). Removed Charger from Vehicle, at Times Voltage Drops to 9.3V. Started Diagnostics with Current Fault Code #UI41EOO. An implausible signal from switch "Exterior Illumination" was received … Test 6 states that Vehicle has Rear Fog Lamp Button. Inspected S1 and it Does Not Have a Rear Fog Light Button … Discussed Condition with Team Leader, Coding

4

> Was Not Correct with Driver Side Front Sam. Went into Front Sam N10/6 and Checked Actual Values of Quiescent Current Draw, on Header the Date (which is Normally Accurate) Stated it was from January 1, 2010 … Midtronics Test on Battery: "Replace Battery" Code #J965WBT-8VCUSF8 … Removed and Replaced Large Main Vehicle Battery …"

A copy of Invoice 404534 is annexed hereto and incorporated herein by reference as Exhibit "4".

23. On this fourth visit for the same problem, the Vehicle was in the shop for approximately three days.

24. The Vehicle was next in the shop at MBB approximately two months later, on or about January 27, 2017, because of the electrical problem.

25. This was at least the fifth visit and, according to the Vehicle Master Inquiry ("VMI), the mileage on the Vehicle at the time was 16,311. A copy of the VMI is annexed hereto and incorporated herein by reference as Exhibit "5".

26. Approximately one month later, on March 1, 2017, and now for the sixth time all within two years from the date of delivery and within the first 18,000 miles, the Vehicle would not start and had to be towed to MBB.

27. MBB checked the Vehicle on March 1, 2017 and, according to Invoice 412209, "found battery message on the dash for start car, hooked up sds, performed quick test, found multiple codes for low voltage, checked battery, found battery low, … hooked up battery charger, and charged battery …" A copy of Invoice 412209 is annexed hereto and incorporated herein by reference as Exhibit "6".

28. According to Invoice 412209, the Vehicle was in the shop for eight days on the sixth visit and, at the time, the Vehicle had only been driven for 17,780 miles.

## CAUSE FOR ACTION
### (New York New Car Lemon Law)

29. The Vehicle was purchased new, has been used primarily for personal, family and/or household purposes and at all times has been registered in New York.

30. Despite the Vehicle having been in the shop for the same type of problem at least six times, all within two years from the date of delivery and within eighteen thousand (18,000) miles, Plaintiff continues to have the same type of problem with the Vehicle and the value of the Vehicle to Rovt is, therefore, substantially impaired.

31. As a result, there is a presumption under the Act that the Vehicle is a lemon.

32. As a result of being a lemon, under the Act the Defendants must refund the purchase price of the Vehicle or replace same.

33. As a direct and proximate result of Defendant's breaches, as aforesaid, Plaintiff has suffered substantial damages.

## CLAIM FOR RELIEF
### (Magnuson-Moss Warranty Act)

34. Plaintiff repeats and realleges all of the allegations set forth above as if same were fully set forth herein at length.

35. Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 et seq. (the "MMWA") in response to widespread complaints from consumers that many warranties were misleading and deceptive, and were not being honored.

36. To remedy this problem of deception and failure to honor warranties, the MMWA imposes civil liability on any "warrantor" for, inter alia, failing to comply with any obligation under a written and/or implied warranty.

37. The MMWA authorizes a suit for damages, and other legal and equitable relief, as well as attorneys' fees.

38. Defendants are "warrantor[s]" and "suppliers of a consumer product" and Plaintiff is a "consumer" within the meaning of the MMWA.

39. The Vehicle has repeatedly failed to live up to various express and/or implied warranties in violation of, inter alia, the MMWA.

40. As a direct and proximate result thereof, Plaintiff has suffered substantial damages in excess of $50,000 exclusive of interest and costs.

41. The aforesaid conduct of Defendants was willful, wanton, malicious and/or in reckless disregard of Plaintiff's rights.

## CLAIM FOR RELIEF
### (Breaches of Express and/or Implied Warranties)

42. Plaintiff repeats and realleges all of the allegations set forth above as if same were fully set forth herein at length.

43. The Vehicle was sold to Rovt under the misrepresentation that, inter alia, it was free from defects that would impair its use, value and/or safety.

44. Defendants were aware of the particular purposes for which the Vehicle was to be used and for which it could not be used because of its condition.

45. The Vehicle could not pass without objection in the trade and it was not merchantable.

46. The aforesaid conduct of Defendants constitutes, inter alia, breaches of express warranties, the implied warranty of fitness and the implied warranty of merchantability.

47. As a direct and proximate result thereof, Plaintiff has suffered substantial damages.

## CLAIM FOR RELIEF
### (New York Deceptive Trade Practices)

48. Plaintiff repeats and realleges all of the allegations set forth above as if same were fully set forth herein at length.

49. The sale of the Vehicle to Plaintiff under the misrepresentation that the Vehicle was free from defects that would substantially impair the use, value or safety of the Vehicle represents an unlawful or deceptive trade practice under N.Y. Gen. Law §349.

50. Defendants violated the New York Deceptive Trade Practices Act ("DTPA") in one or more of the following ways:

    A. making fraudulent or negligent misrepresentations as herein before alleged;

    B. representing the Vehicle to be of good, merchantable quality, free from defects when, in fact, it was not;

    C. representing that the repairs could be performed properly when Defendants knew, or should have known, this was not the case;

    D. failing to reveal material facts including, but not limited to, the nature of the non-conformities and defects complained of herein; and

    E. failing to offer a refund of the purchase price of the Vehicle in accordance with the applicable warranties and/or the law.

51. As a direct and proximate result of said breaches, Plaintiff has suffered substantial damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alexander Rovt, demands judgment on the Complaint against Defendants, jointly, severally and/or in the alternative, as follows:

8

    A.    Damages;

    B.    Punitive Damages;

    C.    Treble Damages;

    D.    Repurchase or Replacement of the Vehicle;

    E.    Reasonable attorneys' fees;

    F.    Interest;

    G.    Costs of Suit; and

    H.    Such further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                          MANDELBAUM SALSBURG, P.C.
                          Attorneys for Plaintiff


                          By:  /s/Lauren X. Topelsohn
                                Lauren X. Topelsohn, Esq. (LXT-2759)

Dated: November 27, 2017